UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MILES ALAN COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>PRIORITY SERVICES OF NEVADA and JASON HENDERSON,<br><br>Defendants. | Case No. 2:13-CV-01135-APG-PAL<br><br>**ORDER DENYING MOTION TO SEVER AND REMAND** |

On May 24, 2012, Miles Collins ("Collins") filed a complaint in the Eighth Judicial District Court of Nevada. (Dkt. No. 1 at 6–15.) He brought claims under the federal Fair Labor Standards Act, Nevada statute, the Nevada Constitution, and, relevant to this Order, a claim for retaliatory discharge in violation of public policy (Count III of the Complaint). On June 27, 2013, defendant Priority Services of Nevada ("Priority") removed the case to this Court. (Dkt. No. 1.) That same day, Collins moved to sever and remand Count III. (Dkt. No. 4.) On July 15, 2013, Priority responded and Collins replied. (Dkt. Nos. 10 and 11.)

Collins alleges in the Complaint that he was injured while working for Priority. (Dkt. No. 1 at 6–15.) Among other things, he contends he suffered retaliatory discharge after pursuing a workers' compensation claim. (*Id.*) He argues for remand on the ground that his retaliatory discharge claim *arises under* Nevada's workers' compensation scheme, which would render it non-removable under 28 U.S.C. § 1445(c). That statute provides that "[a] civil action in any State court *arising under* the workmen's compensation laws of such State may not be removed to any

district court of the United States." Priority contends that the retaliatory discharge claim does not arise under Nevada's workers' compensation statute; rather, it arises under the common law of torts.

Remand is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c).[1] In reviewing a motion to remand, the court must resolve all doubts in favor of remanding to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

In support of his position, Collins cites to *Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418, 1421 (D. Nev. 1995). In *Bearden*, this Court held that a retaliatory discharge claim arises under Nevada's workers' compensation statutes, relying upon the Nevada Supreme Court's decision in *Hansen v. Harrah's*, 675 P.2d 394 (Nev. 1984). However, *Bearden*'s reliance on *Hansen* was misplaced. The Nevada Supreme Court expressly held that retaliatory discharge is an actionable tort whose cause of action and remedy are governed by the common law of torts. *Id.* at 397. *Hansen* involved a question of exhaustion of administrative remedies. *Id.* The Court reasoned that retaliatory discharge arises under the common law of torts, and therefore plaintiffs did not have to exhaust their administrative remedies under Nevada's workers' compensation scheme before seeking relief from the courts. "Since both the cause of action and the remedy are governed by the law of torts, *there is no basis for administrative relief within the framework of the state industrial insurance system*, and hence no need to exhaust purported administrative remedies as suggested by employers." *Id.* (emphasis added).

Thus, the proper reading of *Hansen* is that retaliatory discharge (even if in retaliation for the filing of a workers' compensation claim) is a common law tort; it does not arise under Nevada's workers' compensation laws. Recently, this Court correctly applied *Hansen* to hold

---

[1] As an initial matter, defendant Jason Henderson's lack of consent to removal does not itself bar the Court from exercising removal jurisdiction. "All defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Priority appears to be the only defendant properly served with the Complaint, Collins has not argued to the contrary, and Henderson has not appeared in this Court. (*See* Dkt. No. 1 at 27–31 (affidavit of service only for Priority).)

that retaliatory discharge does not arise under Nevada's workers' compensation laws. *Montgomery v. Surgical Care Affiliates*, 2011 WL 294372 at *3 (D. Nev. 2011). The Court agrees with the sound reasoning in *Montgomery* and sees no reason to depart from it.

Accordingly, Collins' motion for severance and remand of Count III of the Complaint (Dkt. No. 4.) is DENIED.

Date: August 15, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE